**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CHRISTINE MARTINO-FLEMING, Relator, <br><br> and <br><br> COMMONWEALTH OF MASSACHUSETTS, ex rel. CHRISTINE MARTINO-FLEMING, Relator, <br><br> v. <br><br> SOUTH BAY MENTAL HEALTH CENTER, INC.; COMMUNITY INTERVENTION SERVICES, INC.; H.I.G. GROWTH PARTNERS, LLC; H.I.G. CAPITAL, LLC; PETER J. SCANLON; AND KEVIN P. SHEEHAN. | Civil Action No. 15-CV-13065-PBS <br><br> *Leave to File Under Seal Granted May 13, 2019 (ECF No. 226)* |

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF OPPOSITION TO RELATOR'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY SOUTH BAY MENTAL HEALTH CENTER INC.**

Mark W. Pearlstein (BBO # 542064)
Laura McLane (BBO # 644573)
Shamis N. Beckley (BBO # 697425)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775
mpearlstein@mwe.com
lmclane@mwe.com
sbeckley@mwe.com
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

May 13, 2019

*Counsel for South Bay Mental Health Center, Inc.; Community Intervention Services, Inc.; Community Intervention Services Holdings, Inc.; H.I.G. Growth Partners, LLC; and H.I.G. Capital, LLC*

## I. INTRODUCTION

Pursuant to this Court's Order dated May 8, 2019, ECF No. 224, and in follow up to the hearing before the Court on that date, South Bay Mental Health Center, Inc. ("South Bay") makes this supplemental submission in support of its Opposition to Relator's Motion to Compel South Bay to draft a summary or compilation in further response to Relator's Interrogatory No. 2, ECF No. 212. South Bay has satisfied the requirements to invoke Fed. R. Civ. P. 33(d) ("Rule 33(d)"), and this Court should deny Relator's request that it engage in a time-consuming and expensive summary of its document production, particularly given the enormous expense, time and burden South Bay already incurred in producing the documents containing responsive information—a monumental undertaking Relator insisted South Bay perform.[1]

## II. PRODUCED DOCUMENTS

In accordance with the Court's Order, South Bay provides the Court with the following information on the documents produced to Relator containing the information responsive to Interrogatory No. 2:

- Attached as **Exhibit 1** are South Bay's transmittal letters, emails, and responses to Relator's counsel, identifying the documents responsive to their Interrogatory by Bates number.

- Attached as **Exhibit 2** is the Index provided to the Court and Relator during the May 8 hearing, in which it summarized in a single document the responsive documents it had produced, what they contain and, again, the Bates number where they are located in

---

[1] *See* Fed. R. Civ. P. 33(d) advisory committee's note to 1970 amendment (explaining that this section was intended to "alleviate[] a problem which in the past has troubled Federal courts" and "gives the party an option to make the records available and place the burden of research of the party who seeks the information"); *Petroleum Ins. Agency, Inc. v. Hartford Acc. & Indem. Co.,* 111 F.R.D. 318, 320 (D. Mass. 1983) (emphasizing that "the plaintiffs want this discovery but do not want to expend the effort and expense in procuring it. *But the stated purpose of [Rule 33d] is to require the party seeking the discovery to expend the effort and expense to procure it.* What plaintiffs are saying is that they do not like the Rule; however, like it or not, it was enacted, and the Court is duty bound to follow it." (emphasis in original) (internal citation omitted); *see also Torres*, 2018 WL 4054904, at *5 ("Plaintiff's contention that [the defendant] has not answered this interrogatory is nothing more than a claim that [the defendant] cannot rely on Rule 33(d) to answer an interrogatory.").

South Bay's document production.[2] South Bay has annotated that chart in red text to correspond to the remaining exhibits to this submission, which are copies and/or excerpts of the documents described in the Index. South Bay has also provided the Court a compact disc (attached hereto as **Exhibit 17**) containing complete (with some exceptions due to volume) versions of the documents referenced in the Index, each of which contains information responsive to Interrogatory No. 2 and has been produced to Relator.

- Attached as **Exhibit 3** is the first tab of a South Bay Employee Roster spreadsheet.
    - This provides employee name, job title, location, department, hire and termination date, and rehire date (if applicable), reason for termination, contact information, and license name, number, effective date and expiration (SB00010036).
    - The Employee Roster spreadsheet includes information on employees hired from 1986 to 2016.
    - The second tab, which is not attached to South Bay's supplemental filing due to volume, provides additional detail on the employees' positions at South Bay. Exhibit 17 contains an electronic copy of the complete Employee Roster spreadsheet.
- Attached as **Exhibit 4** is a Credible Employee List spreadsheet (SB00152816).
    - This provides employee name, title, employment status, home office location, credentials, license number and expiration date, hire and termination date, and program information for employees entered in South Bay's Credible system, which the company transferred to in 2015.[3]
    - Exhibit 17 contains an electronic copy of the Credible Employee List spreadsheet.
- Attached as **Exhibit 5** is a Company Roster spreadsheet
    - This provides employee name, hire date and rehire date (if applicable), department, location, employee status, title, contact information, who the employee reports to, and whether the employee has a manager role (SB00537184).
    - The Company Roster spreadsheet includes information on employees hired from 1990 to 2018.
    - Exhibit 17 contains an electronic copy of the Company Roster spreadsheet.
- Attached as **Exhibit 6** to South Bay's supplemental submission is a Termination Report spreadsheet.

---

[2] South Bay has corrected the typographical error to the Bates number pointed out by Relator's counsel during the hearing.

[3] Credible is the trade name for a behavioral health software system.

- o   This provides employee name, title, location, department, job family, manager, contact information, and hire date, rehire date (if applicable), termination date, and last day worked (SB00537185).
- o   The Termination Report spreadsheet includes information on employees hired from 1986 to 2018.
- o   Exhibit 17 contains an electronic copy of the Termination Report spreadsheet.

- Attached as **Exhibit 7** is a Credible Supervision Report spreadsheet
    - o   This provides employee name and identification number, program, home office, credentials (degree), supervisor, licensed supervisor, full time status, and service date for unlicensed clinicians with a billable service between November 1, 2015 and August 31, 2018 (SB00153160).
    - o   As indicated on the spreadsheet, the full time status, credentials (degree), licensure status, and supervisor and licensed supervisor fields were populated with current information as of the time the supervision report was run out of the Credible system. (Historical information was separately provided, *see* Ex. 8, below).
    - o   Exhibit 17 contains an electronic copy of the Credible Supervision Report.

- Attached as **Exhibit 8** is an excerpt of the Credible "Ghost Data" spreadsheet.
    - o   This contains supervisor data that was restored for Relator by South Bay in an effort to resolve this discovery dispute, and manually paired with other Credible data (SB00537187).
    - o   The spreadsheet lists services provided from November 2015 to February 2019, and provides patient name, service number, claim identification number, service type and date, CPT code, CPT modifier (if any), employee name and identification number, employee title, employee credentials, employee supervisor and licensed supervisor, payor name, and amount paid.
    - o   The highlighted licensed supervisor column reflects the company's best efforts to pair restored, raw data with the appropriate spreadsheet entry.
    - o   The last tab of the spreadsheet shows this raw data, and reflects changes made to the licensed supervisor field in the Credible system, including the date the change was made, the employee who input the change, and the old and new value.
    - o   The excerpt attached hereto reflects data for the first week of 2017. Exhibit 17 contains an electronic copy of the complete Credible "Ghost Data" spreadsheet.

- Attached as **Exhibit 9** are excerpts from two additional Credible Supervision Records spreadsheets (SB00537188-89).
    - o   The first Credible Supervision Record spreadsheet provides Credible claims information, including patient name, service number, claim identification number, service type and date, CPT code, CPT modifier (if any), employee name and identification number, employee title, payor name, and amount paid,

3

   as well as additional detail if another clinician or supervisor was logged with the billable service. The spreadsheet includes data from November 1, 2015 to August 31, 2018, and the excerpt attached to South Bay's supplemental submission reflects the first 10 pages of the 2017 data.

   o The second Credible Supervision Record spreadsheet provides logged supervision sessions for clinicians, including the clinician name, program, home office, identification number, full time or part time status, credentials, supervisor, licensed supervisor, date of the logged supervision session, the clinician that provided the supervision and their license, and the duration of the supervision session. The excerpt attached to South Bay's supplemental submission reflects the first 10 pages of the spreadsheet.

   o Exhibit 17 contains electronic copies of the complete versions of both additional Credible Supervision Records spreadsheets.

- Attached as **Exhibit 10** is a sample South Bay Organizational Table from September 2015.

   o This provides name, title, supervisor, division, and site (location) for South Bay employees (SB00153020).

   o Exhibit 17 contains an electronic copy of South Bay Organizational Tables for 2014-2018.

- Attached as **Exhibit 11** is a sample South Bay Personnel Spreadsheet.

   o This provides name, title, credentials, supervisor, licensed supervisor, program, and team for various South Bay employees (SB00156036).

   o Exhibit 17 contains an electronic copy of this Personnel Spreadsheet.

- Attached as **Exhibit 12** is a sample of South Bay waiver tracking information.

   o The sample document is a waiver letter from Massachusetts Behavioral Health Partnership ("MBHP") informing South Bay that it would waive credentialing criteria to allow a South Bay clinician to submit claims to MBHP for mental health services (SB00156052).

   o Exhibit 17 contains this waiver letter. We have not included in Exhibit 17 all of the waiver tracking information produced to Relator because of the volume.

- Attached as **Exhibit 13** is a sample South Bay Supervision Audit spreadsheet.

   o This provides clinician name, credentials, direct supervisor, licensed supervisor and supervisor credentials, location, audit review date, and audit results (SB00156038). The spreadsheet includes audit data from December 27, 2016 to January 4, 2018.

   o Exhibit 17 contains an electronic copy of this sample Supervision Audit. We have not included in Exhibit 17 all of the Supervision Audits produced to Relator because of the volume.

- Attached as **Exhibit 14** are sample hardcopy supervision and personnel records (pre-2015). Please note that South Bay has provided two examples.

4

- o One is the complete supervision record, a single page of which (SB00185080) Relator claimed was illegible, though they can certainly glean the name of the clinician (Kristina Lingertat) from the remainder of the record.[4]

- o The second is a personnel record that includes a resume (SB00157169). As the Index at Exhibit 2 makes clear and as we reiterated at the hearing, South Bay does not have work histories for all clinicians spanning the almost decade for which Relator sought information, but has produced the clinician billing and hardcopy records it does have.

- o Exhibit 17 contains an electronic copy of these sample hardcopy supervision records. We have not included in Exhibit 17 all of the hardcopy records produced to Relator because of their volume.

- Attached as **Exhibit 15** is an excerpt from one of South Bay's pre-2015 AR Plus claims spreadsheets.

   - o This provides patient name, service and transaction number, date of service, clinician name and degree, payor, and amount paid.

   - o The excerpt attached to South Bay's supplemental submission reflects the first 10 pages of the 2009 AR Plus spreadsheet (SB00154599).

   - o Exhibit 17 contains this sample 2009 AR Plus claims spreadsheet. The other AR Plus spreadsheets are not included due to size, but have been provided to Relator.

- Attached as **Exhibit 16** an excerpt from South Bay's Credible Claims Spreadsheet.

   - o This provides claim information from November 2015 to August 2018 (SB00153159).

   - o The Credible Claims Spreadsheet includes patient name, service number, claim identification number, service type and date, CPT code, CPT modifier (if any), employee name, employee title, credentials, supervisor, licensed supervisor, payor name, and amount paid.

   - o As indicated on the spreadsheet, the employee title, credentials and licensure status, and supervisor and licensed supervisor fields were populated with current information as of the time the supervision report was run out of the Credible system. (Historical information was separately provided, *see* Ex. 8, above).

   - o The excerpt attached to South Bay's supplemental submission reflects the first 10 pages of the 2015 data**.** Exhibit 17 contains the complete Credible Claims Spreadsheet.

---

[4] If necessary, Relator could also cross reference the numerous employee lists and spreadsheets to confirm the name of the clinician.

5

South Bay has provided the documents in its possession that contain the information Relator has requested in Interrogatory No. 2. To the extent there are discrete gaps (such as prior work histories for every clinician), Relator is well aware of this and, in any event, South Bay cannot produce what it does not have, nor should it be required to. If Relator is seriously suggesting that South Bay would need to go beyond the information in its possession and research employment history details for each clinician over time, this would be an overwhelming burden,[5] and one that is disproportionate to the issues in this case. *See* Fed. R. Civ. P. 26(b)(1). It is also not required. *See e.g.*, *C.A. v. AMLI at Riverbend, L.P.*, No. 1:06-CV-1736, 2009 WL 1605807, at *3 (S.D. Ind. June 3, 2009) ("To the extent that plaintiffs desire to have this judge direct the defendants . . . to compile [records] in a form that makes the information more accessible to plaintiffs or to go back and create the records with sufficient detail to inform the plaintiffs investigation of its case, [Rule 33(d)] ***simply provides no basis for such a ruling***.") (emphasis added).[6] In any event, as South Bay's counsel has said on several occasions and reiterated at the hearing, to the extent Relator has questions about certain documents, or believes they are

---

[5] In response to the Court's question about the total number of clinicians implicated by Relator's decade-long interrogatory, South Bay analyzed its data and believes that it employed the following number of clinicians and clinical supervisors each year: 112 in 2009, 149 in 2010, 198 in 2011, 320 in 2012, 509 in 2013, 883 in 2014, 1,215 in 2015, 1,355 in 2016, 1,639 in 2017, and 1,518 in 2018, for total of 7,898 if one adds up the numbers on a yearly basis. However, as Counsel for South Bay indicated at the hearing, some of these clinicians spanned multiple years, while others terminated within a few months or less (Plaintiffs have made what they characterize as high turn-over and employee retention problems at South Bay an issue in this case). South Bay does not have total, duplicated employee counts for that entire time period in a readily available format, but believes the number is well into the thousands. Moreover, Relator is demanding that South Bay collect and distill numerous data points for each clinician, including all MassHealth services provided and all supervision sessions over the course of however many years they were employed.

[6] *See also* Fed. R. Civ. P. 33(d) advisory committee's note to 1980 amendment to Fed. R. Civ. P. 33(c) (renumbered Rule 33(d) in 1993) (providing only that "*[i]f the information sought exists* in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party.") (emphasis added); Local Rule 33.1(b)(3) (providing that "the producing party shall provide any relevant compilations, abstracts, or summaries *in its custody or readily obtainable by it*, unless these materials are privileged or otherwise immune from discovery") (emphasis added); *Flying J Inc. v. Pilot Travel Centers LLC,* No. 1:06-CV-00030, 2009 WL 10672940, at *2 (D. Utah Apr. 6, 2009) (explaining that Rule 33(d) "requires only that a party *produce* the information in its possession—the producing party may decide not to perform requesting party's desired analysis of the data when the burden of ascertaining the answer is the same for each party.") (emphasis in original).

indecipherable, Relator needs only to ask South Bay about those documents, and South Bay will provide the answer to the extent it has it.

### III.   CONCLUSION

For the reasons set forth above, in the attached exhibits, and in its briefing, South Bay respectfully requests that this Court deny Relator's motion to compel.

Dated: May 13, 2019                                       Respectfully submitted,


/s/ Shamis N. Beckley
Mark W. Pearlstein (BBO # 542064)
Laura McLane (BBO # 644573)
Shamis N. Beckley (BBO # 697425)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775
mpearlstein@mwe.com
lmclane@mwe.com
sbeckley@mwe.com
Telephone: (617) 535-4000
Facsimile: (617) 535-3800

*Counsel for South Bay Mental Health Center, Inc.; Community Intervention Services, Inc.; Community Intervention Services Holdings, Inc.; H.I.G. Growth Partners, LLC; and H.I.G. Capital, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 13, 2019.

                                           /s/ Shamis N. Beckley